carpets. Defendant directly participated in negotiations, telling the store owner, in response to his offer of $700, "I thought we could get $800 or $900".

Further, defendant was in joint possession of the carpets, drove the van by which they were transported, and carried them into the shop. Recent unexplained possession of the carpets supports the inference of guilty knowledge. Finally, the carpets were wrapped in a grey blanket despite the fact that it was a clear day. That supports the inference that the men were trying to conceal the carpets because they knew that they were stolen. (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Criminal Possession Stolen Property, 4th Degree.) Present—Denman, P. J., Boomer, Green, Pine and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT McKNIGHT, Appellant. (Appeal No. 1.)

We have examined defendant's remaining arguments and find that they do not require reversal. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Boomer, Green, Pine and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT McKNIGHT, Appellant. (Appeal No. 2.)

(Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Boomer, Green, Pine and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIC BRETTI, Appellant